BURKE'S AUTO TRUCKING CO., INC., Respondent, *v.* W. A. L. SILVER MANUFACTURING CORPORATION, Appellant.

Supreme Court, Appellate Term, First Department, December 15, 1924.

Contracts — action for work and labor — dispute as to rate of pay — error to charge that plaintiff should recover full amount or nothing.

In an action to recover for work, labor and services furnished by the plaintiff as truckman in which the only issue raised is the rate of pay that the plaintiff was to receive for its services, it is error for the court to charge that the plaintiff should recover the full amount demanded or nothing, for the question should have been submitted to the jury to determine the rate of pay agreed on.

APPEAL from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Third District, entered in favor of plaintiff for the sum of $665.09.

*Edward E. Hoenig,* for the appellant.

*Leon Bleecker,* for the respondent.

LEVY, J.:

Plaintiff instituted this action to recover the sum of $885 for work, labor and services furnished as truckman by reason of the carriage and delivery of certain packages and cases enumerated in its bill of particulars.  Two cases of merchandise belonging to the defendant of the value of $262 were lost by the plaintiff and this amount the latter concededly allowed the former.  The case presented purely a question of fact as to what the actual agreement was between the parties, the plaintiff contending that an agreement had been entered into to deliver the packages and cases at a certain specified rate, whereas the defendant argued that a different and much lower rate had been agreed upon by the parties.  Judgment was rendered upon a verdict in favor of the plaintiff for the amount sued for less the deductions allowed for the aforesaid loss and it is the defendant's position that this verdict was the result of an erroneous charge by the trial court to the jury.  The court correctly stated the law when it charged: " The only issue between them is on the matter of charges for carrying these different articles,"

following which the two versions of the parties were laid before the jury. Then the court added: " Now it appears either Berkowitz or Wanerman is not telling the truth and they ask you six men to decide which of them is probably nearer right." Had the trial court gone no further, complaint could not successfully be directed against the ˙ charge but, following a request by the defendant's counsel to specifically charge as to a certain particular, the court said to the jury: " There does not seem to be any room for compromise here, but the plaintiff would seem to be entitled to $665. or nothing. * * * It has to be one thing or the other." This is clearly error. The case did not proceed on the theory of an account stated but for work, labor and services rendered the defendant. The question involved was what was the contract between the parties and thus the jury should have been instructed accordingly. On the contrary, however, the jury was not permitted to decide whether the plaintiff was entitled to recover that amount which would represent the prices it claimed were fixed for the delivery of the packages, etc., or whether the plaintiff was entitled to recover only that which would bear out the claim of the defendant as to the charges agreed upon, but under the improper instructions of the trial court was constrained to ˙find for the plaintiff in the full amount or nothing. It cannot be reasonably argued that this did not militate against the defendant in this respect, or that it did not prejudicially affect it. The error thus complained against is, therefore, sufficiently grave as to require a reversal of the judgment. In the light of the foregoing it becomes unnecessary to consider the other errors urged.

Judgment reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, BIJUR, WAGNER and LEVY, JJ.